## Chesapeake & Ohio Railway Company v. Moore.

(Decided October 8, 1918.)

### Appeal from Floyd Circuit Court.

1. Carriers—Action by Passenger for Damages—Verdicts.—A verdict of $500.00 awarded for the wrongful ejection of passenger from a train not excessive when ejection is accompanied by abusive and insulting language upon part of conductor.

2.  Trial—Instructions.—Court did not err in refusing to give instruction offered by appellant when such instruction was not supported by the evidence.

3.  Trial—Refusal to Set Aside Swearing of Jury—Discretion.—The court did not abuse a sound judicial discretion in refusing to set aside the swearing of the jury, upon a showing that appellee had been in conversation with members of jury during adjournment of court when such conversation was not in a secret place nor under suspicious circumstances, and there was nothing to prove or indicate that it related to the case or was more than a casual speaking in passing, as claimed by appellee.

WORTHINGTON, COCHRAN & BROWNING, F. T. WALLACE, HARKINS & HARKINS for appellant.

J. J. MOORE, A. J. MAY and JOHN F. BUTLER for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is an appeal from a judgment against the Chesapeake & Ohio Railroad Company in favor of A. J. Moore for $500.00 awarded him for his ejection from one of appellant's passenger trains on August 4, 1915. The grounds urged for reversal are: (1) that the verdict is excessive; (2) that the court erred in refusing an instruction offered by the appellant; and (3) that the court erred in refusing to set aside the swearing of the jury on account of alleged misconduct on the part of appellee.

1.  In the case of C. N. O. & T. P. Railroad Co. v. Carson, 145 Ky. 81, this court held that a verdict for $400.00 awarded to the passenger for being wrongfully ejected from a passenger train was excessive, and it is upon this case that appellant relies to sustain its contention. But in that case the ejection, though wrongful, was not accompanied by use, upon the part of the conductor, of abusive or insulting language, whereas in the case at bar there is evidence that the conductor, in the presence and hearing of the other passengers in the car, said to appellee that it was not the first time that he had tried to beat his way on the train, which was certainly both abusive and insulting as well as unnecessary and unjustified as far as the evidence shows; and that the conductor used some such language in his conversation with appellee he does not deny, but says that he did not accuse the appellee of having attempted theretofore to beat his way upon his train, but merely said that it was not the first time that such an effort had been made.

The place where appellee was ejected was some 400 or 500 yards at least from the nearest station, and about 10 miles from his destination, to which, under his testimony, he was entitled to ride under the ticket he had given the conductor, the controversy being as to whether the ticket which appellee admittedly gave the conductor when he got upon the train at Prestonsburg, was to Beaver Creek, near which he was ejected, or to Harold, near which appellee resided. After having been ejected near Beaver Creek, appellee had to walk back to that station, where he hired a mule which he rode to his home. Besides the loss of time and inconvenience suffered by appellee, he was put to some small expense in addition to the humiliation of being ejected from the train which, as we have before stated, was aggravated by the conductor's abusive and insulting language. Under such evidence and the instructions of the court which confined the recovery to compensatory damages, as was proper, the verdict cannot be said to be so excessive as to indicate passion or prejudice upon the part of the jury. L. H. & St. L. Ry. Co. v. Covetts, 82 S. W. 975; B. & O. S. W. R. Co. v. Hudson, 92 S. W. 947; Tenn. Central R. Co. v. Brasheer's Guardian, 97 S. W. 349.

2. The instruction offered by appellant and refused by the court, about which complaint is now made, presented to the jury the defense pleaded by appellant, in an amended answer of justification for ejecting appellee from its train, because of his intoxicated condition and noisy and boisterous conduct.

Although there was some evidence that appellee was somewhat under the influence of liquor, and was somewhat noisy and boisterous directly after getting on the train and before the train reached Beaver Creek, there is no evidence whatever that he was ejected upon that ground, or that at the time of his ejection he was guilty of any misconduct whatever, since the conductor who alone testifies to any objectionable conduct upon the part of appellee, states that this occurred before the train reached Beaver Creek, and that he did not eject the appellee on that account, but, upon the other hand, refused to do so when requested by some of the passengers; and that when he did eject him, appellee was sitting quietly in his seat, seemingly asleep, and that he ejected him because the ticket which appellee had given him was to Beaver Creek and not to Harold as claimed by ap-

pellee. It is, therefore, manifest that there was no evidence to support the instruction offered by appellant, and the court did not err in refusing to give it.

(3)   The misconduct complained of upon the part of the appellee is that during an adjournment of court, after the testimony was in and counsel had argued the case, but before it was finally submitted to the jury, appellee was, as set forth in appellant's affidavit, in "consultation with and talking with various and divers members of the jury herein, both on Court street of the town of Prestonsburg and at the front door of the court house in the town of Prestonsburg, Kentucky." Appellee filed a counter affidavit denying that he had talked with any member of the jury about the trial, and stating that he met some of the jury on the street and at the court house building, and spoke to them but "only in the ordinary manner of passing and repassing."

It will be noticed that the affidavit for appellant charges only that appellee was seen talking with members of the jury on Court street and at the front door of the court house, both of which places, we assume, are public places in Prestonsburg, and there is no suggestion of any improper conduct upon the part of the appellee such as might be attached to a conversation with a member of the jury if the conversation were held in a secret place or under suspicious circumstances; and under the facts of this particular case we do not think that the court abused his discretion in overruling appellant's motion to set aside the swearing of the jury and grant a continuance of the case. Therefore, the judgment is affirmed.