**William James STERGIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42797.**

Court of Criminal Appeals of Texas.

March 4, 1970.

Rehearing Denied April 22, 1970.

Murray J. Howze, Monahans, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is forgery; the punishment, four years.

On February 21, 1969, the appellant, represented by court appointed counsel, waived trial by jury and entered a plea of guilty before the court. Before accepting the plea, the court admonished the defendant of the consequences of his plea. Thereafter the appellant waived the appearance, confrontation and cross-examination of the witnesses against him and stipulated in writing as to the testimony of the witnesses Hill and Doan in accordance with Article 1.15, Vernon's Ann.C.C.P. The appellant was then called to the stand by his counsel and testified he could comply with the conditions of probation if the court would grant his application for probation despite two previous felony convictions. Both on direct and cross-examination the appellant judicially confessed to the crime charged against him in the indictment.

His application for probation was denied and he was sentenced. Thereafter counsel employed for the purpose of appeal gave timely notice of appeal.

■ On appeal appellant challenges the sufficiency of the evidence to sustain the conviction. He vigorously attacks the sufficiency of the written stipulations of the witnesses Hill and Doan. While we do not agree with the appellant's contention we need not rest our decision on such stipulation as to the sufficiency of the evidence. A judicial confession needs no corroboration. Alvarez v. State, Tex.Cr.App., 374 S.W.2d 890; Zulpo v. State, Tex.Cr.App., 415 S.W.2d 650 (concurring opinion).

Next, appellant contends he was denied the effective assistance of counsel at his trial. Appellant's brief acknowledges, however, that such counsel "is an old seasoned, veteran criminal lawyer, and counsel makes no attack upon his ability, his knowledge of the law, or his integrity." His principal complaint appears to be that such counsel permitted the appellant to take the stand and testify. It is obvious from the record appellant took the witness stand with the hope of persuading the trial judge to act favorably upon his application for probation. We have carefully examined the record and cannot agree that the appellant was denied the effective assistance of counsel. Williams v. Beto, 354 F.2d 698 (5th Cir.); MacKenna v. Ellis, 5 Cir., 280 F.2d 592; Fletcher v. State, Tex.Cr.App., 396 S.W.2d 393; Morgan v. State, Tex. Cr.App., 403 S.W.2d 150.

The judgment is affirmed.