Carlos **GONZALES**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 45357.

Court of Criminal Appeals of Texas.

May 3, 1972.

Rehearing Denied June 14, 1972.

Peter Torres, Jr., San Antonio (on appeal only), for appellant.

Ted Butler, Dist. Atty., Steve Takas and Antonio G. Cantu, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for assault with intent to murder; the punishment, five years imprisonment.

The appellant, represented by retained counsel, with the consent and approval of the court and of the district attorney, waived a jury trial and entered a plea of guilty before the court.

After appellant had been admonished by the court as to the consequences of his plea of guilty, stipulated evidence and a judicial confession were filed and introduced. The appellant was found guilty as charged.

The appellant's grounds of error on appeal are as follows: (1) ". . . Appellant's guilty plea was not entered as an in-

telligent act with sufficient awareness of the relevant circumstances and the Court should have rejected the qualified guilty plea of the Appellant;" (2) the conviction is "based on a qualified judicial confession and stipulations which were exculpatory and negated Defendant's guilt;" and (3) ". . . there was not sufficient evidence to support a conviction contrary to Article 1.15 of the Texas Code of Criminal Procedure."

State's Exhibit Number One was admitted into evidence. It contained the appellant's judicial confession, a portion of which reads as follows: "Defendant in person with counsel and State's counsel further agree and stipulate and Defendant judicially confesses that on July 20, 1970, he along with others, assaulted Roberto Garcia, Jr., with the intent then and there to kill and murder with malice the said Roberto Garcia, Jr. However, defendant further wishes to stipulate that he did not personally fire the bullet that struck Roberto Garcia, Jr., on said date."

After State's Exhibit Number One was received into evidence, the court's attention was directed to the portion of the stipulation just quoted. The court then explained the law of principals to the appellant and asked him if he was pleading guilty on that basis. The appellant replied that he was.

The record discloses that the appellant voluntarily and understandingly entered a plea of guilty to being a principal to the offense with which he was charged.

A statement in affidavit form made by the victim of the attack and which is in evidence states that the victim identified this appellant as being the person who fired the shot that struck him. The discrepancy between this statement and the judicial confession made by the appellant does not show him to be innocent. The judicial confession was not exculpatory and did not negate the appellant's guilt as he now urges. The obligation of the court to withdraw a plea of guilty on its own motion arises only where the evidence introduced makes evident the innocence of the accused or which reasonably and fairly raises an issue as to such fact and such evidence is not withdrawn. Swanson v. State, 447 S.W.2d 942 (Tex.Cr.App.1969).

 The evidence, including the appellant's judicial confession, was sufficient under the requirements of Article 1.15, V. A.C.C.P. to sustain the conviction. A judicial confession needs no corroboration. Stergis v. State, 451 S.W.2d 914 (Tex.Cr. App.1970).

The judgment is affirmed.

Opinion approved by the Court.