**Antonio Rodriguez BUENO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47410.**

Court of Criminal Appeals of Texas.

Sept. 25, 1973.

Rehearing Denied Oct. 17, 1973.

Mark J. Sideman and James Ingram, San Antonio, for appellant.

Ted Butler, Dist. Atty., Gordon V. Armstrong and Richard D. Woods, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for sale of a narcotic drug, to-wit: heroin. The punishment was assessed at confinement for 15 years.

The appellant challenges the sufficiency of the evidence to support the judgment entered following his plea of guilty before the court. See Article 1.15, Vernon's Ann.C.C.P.

The record reflects that after waiving trial by jury the appellant entered a plea of guilty before the court, was duly admonished and that certain stipulations were entered into by the appellant, his counsel and the prosecuting attorney. The "Written Waiver and Consent to Stipulation of Testimony and Stipulations" was on the same type of form and contains the same recitals as the form described in some detail in DeGay v. State, 455 S.W.2d 205 (Tex.Cr.App.1970). See also Gonzales v. State, 458 S.W.2d 926 (Tex.Cr.App.1970). Not only did the appellant stipulate under oath that all of the stipulations were "true

and correct" but "that all of the acts and allegations in said indictment charging the offense of sale of heroin are true and correct . . . ." Still further, the sworn stipulation reflects that "the defendant, his attorney and the State's attorney do further agree and the defendant *judicially confesses* that on May 28, 1972, he did unlawfully sell a narcotic, to wit: heroin to A. Chevera" (the act charged in the indictment).

The sworn stipulation was offered into evidence without objection.

Appellant now contends on appeal the evidence is insufficient to support his guilty plea because the statement of Albert Chevera, the undercover agent, which was stipulated to and attached to the "Written Waiver" reflects that he received the heroin from the appellant in an orange balloon, that Officer Doyal's statement shows he received the substance in an orange balloon from Chevera and that the toxicology report of Chemist Torraco reflects that the substance examined was contained in "1 pink balloon."

A "judicial confession" standing alone is sufficient to sustain a plea of guilty and to satisfy the requirements of Article 1.15, supra. Spruell v. State, 491 S.W.2d 115 (Tex.Cr.App.1973); Gonzales v. State, 480 S.W.2d 663 (Tex.Cr.App.1972); Sexton v. State, 476 S.W.2d 320 (Tex.Cr.App.1972); Gonzales v. State, 458 S.W.2d 926 (Tex. Cr.App.1970); Stergis v. State, 451 S.W. 2d 914 (Tex.Cr.App.1970); Rodriguez v. State, 375 S.W.2d 289 (Tex.Cr.App.1964); Alvarez v. State, 374 S.W.2d 890 (Tex.Cr. App.1964).

Thus the fact that among the statements of the several witnesses which appellant stipulated were "true and correct" there is a variance as to the color of the balloon is immaterial.

The appellant's contention is without merit.

The judgment is affirmed.