Shirley James SULLIVAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 56864.

Court of Criminal Appeals of Texas,
Panel No. 3.

Jan. 18, 1978.

Opinion On Rehearing En Banc On
Court's Own Motion Nov. 15, 1978.

Craig W. Uhran, Houston, for appellant.

Carol S. Vance, Dist. Atty., Calvin A.
Hartmann and John Holleman, Asst. Dist.
Attys., Houston, for the State.

Before ROBERTS, PHILLIPS and VOL-
LERS, JJ.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for
rape. The appellant entered a plea of
guilty, and after a trial before the court,
the trial judge assessed the appellant's pun-
ishment at sixteen years in the Texas De-
partment of Corrections.

■ The appellant's sole contention is
that the trial judge erred by failing to
withdraw sua sponte the appellant's guilty
plea. We affirm.

On March 22, 1977, the appellant waived
a trial by jury and entered a plea of guilty
before the court pursuant to Article 1.13,
Vernon's Ann.C.C.P. See Article 1.15, Ver-
non's Ann.C.C.P. The State introduced a
sworn stipulation signed by the appellant
which stated, in part, that:

"On October 12, 1976, in Harris County,
Texas, I did intentionally and knowingly
by force and threats to [the complainant],
a female not his wife, have sexual inter-
course with [the complainant] and with-
out her [the complainant's] consent."

The trial judge then found the appellant
guilty, ordered the probation department to
prepare a presentence investigation, and set
the sentencing for April 19, 1977.

On April 19, 1977, the trial judge recon-
vened the proceeding. At that time the
appellant introduced evidence which al-
legedly raised an issue of the appellant's
guilt. Therefore, the appellant contends
that the trial judge should have sua sponte
withdrawn the appellant's guilty plea.

■ It is well established that the obliga-
tion of the trial judge to withdraw a plea of
guilty sua sponte ". . . arises only
where the evidence introduced makes evi-

dent the innocence of the accused or which reasonably and fairly raises an issue as to such fact and such evidence is not withdrawn." *Gonzales v. State*, 480 S.W.2d 663, 664 (Tex.Cr.App.1972); *Cooper v. State*, 537 S.W.2d 940 (Tex.Cr.App.1976).

During the appellant's testimony, the following occurred:

"Q [by Defense Counsel]: How would you characterize these involvements? [The rapes] Were they consensual?

"A Yes, sir.

\* \* \* \* \* \*

"Q [by Prosecutor]: Well, didn't you plead guilty to intentionally and knowingly by force and threat to Connie Sue Stalarsky, a female not his wife, have sexual intercourse with Connie Sue Stalarsky without the consent of the complainant on October the 12th, 1976, some five or six months after you first started seeing Dr. Dunbar?

"A Right. But I signed that to get this dang problem over with with the advice of my attorney even though I knew it was wrong.

"Q Okay. You're saying that didn't happen?

"THE COURT: Are you telling me that you lied up here when I asked you if you were pleading guilty because you were guilty and for no other reason? Is that what you're telling me?

"THE DEFENDANT: Well, in a sense.

"THE COURT: I want a yes or no. Are you saying you lied when I asked you if you were guilty and you told me you were?

"THE DEFENDANT: I was guilty.

"THE COURT: Are you telling me you lied when you stood up in front of me?

"THE DEFENDANT: Not really. All I stated is the fact on there didn't agree with me in what the State—

"THE COURT: I'm asking you, you told the prosecutor that that wasn't true and you just lied about it.

"THE DEFENDANT: I said part of it wasn't true. Maybe—

"THE COURT: I'm talking about the date.

"THE DEFENDANT: Maybe it was the wording I didn't like.

"THE COURT: I'm talking about the date.

"MR. UHRAN: Your Honor—

"THE COURT: I'm talking about the date.

"THE DEFENDANT: The date?

"THE COURT: Yes, October of 1976?

"THE DEFENDANT: Right.

"THE COURT: Now, you're saying it didn't happen on that date?

"THE DEFENDANT: Not to my knowledge, sir.

"THE COURT: Well, why did you stand up here and plead guilty in front of me and say that it did?

"THE DEFENDANT: I wasn't pleading guilty to the date, sir. I was pleading guilty to the charge, because I was guilty of that. I'm sorry. I have had relations with Connie and I pleaded guilty to that. Maybe there was a misunderstanding there somewhere. I'm sorry.

"THE COURT: You recall me reading the Stipulation of Evidence to you?

"THE DEFENDANT: Yes, sir.

"THE COURT: And I told you the date that it was alleged to have occurred on. Do you recall me asking you that?

"THE DEFENDANT: Yes, sir. I recall the reading of the stipulation.

"THE COURT: And you signed and you swore that it was true in front of the clerk.

"THE DEFENDANT: Yes, I did.

"THE COURT: And you stood up here in front of me and told me it was true.

"THE DEFENDANT: Yes, I did.

"THE COURT: Now, you're saying it's not true?

"THE DEFENDANT: I'm saying it didn't happen on that date.

"THE COURT: What date did it happen on?

"THE DEFENDANT: Oh, a few months before that. In fact, it's factual to a point, but to a point it wasn't. I'm sorry.

"THE COURT: Go ahead.

"Q (By Mr. Holloman) Are you denying that that happened within the last year?

"A No, sir.

"Q It happened sometime during 1976?

"A Yes, sir.

"Q A couple of months, you say, before October the 12th, 1976?

"A Yes, sir.

"Q Maybe in September, maybe in August?

"A It might have.

    \*    \*    \*"

The appellant's wife testified to the following:

"Q [by Defense Counsel]: You were aware that it was going on?

"A Sometimes.

"Q The times that you were aware that it was going on, did it seem forced to you?

"A No, sir.

    \*    \*    \*    \*    \*    \*

"Q Okay. Have you ever seen him threaten any of the girls?

"A No, sir."

We hold that the foregoing testimony reasonably and fairly raised an issue of the appellant's guilt.

However, the State, relying on *Milligan v. State*, 168 Tex.Cr.R. 202, 324 S.W.2d 864 (1959); *Stanton v. State*, 159 Tex.Cr.R. 275, 262 S.W.2d 497 (1953); and *Ralls v. State*, 151 Tex.Cr.R. 146, 205 S.W. 594 (1947), contends that ". . . once the judge found appellant guilty, and took the case under advisement for a pre-sentence investigation, it was too late for appellant to withdraw his guilty plea."

In *Ralls*, the defendant pleaded guilty before the court. After the trial judge had heard the evidence, he stated that he was of the opinion that the defendant was guilty, but that he had not determined whether he would suspend the defendant's sentence. Subsequent thereto, the trial judge decided that he would not suspend the defendant's sentence. The defendant then attempted to obtain the court's permission to plead guilty before a jury. After the trial judge denied the defendant's request to plead guilty before a jury, the defendant then attempted to withdraw his plea of guilty. The trial judge refused to allow the defendant to do so.

On appeal, this Court stated that where a guilty plea is entered before the court, ". . . the judge takes the place of the jury and when the formalities have been complied with, the evidence heard, and the judge takes the case under advisement it is very similar to the retirement of the jury to consider its verdict. In the present case, however, the judge announced that he found appellant guilty; that was his judgment on that phase of the case, and he only took under advisement whether to suspend the sentence. The judgment of the court was his announcement of what he had decided to do, the entry of same in the records of the court was evidence of the judgment." *Ralls v. State*, supra at 596.

*Cf. Milligan v. State, supra; Stanton v. State*, supra.

In the present case, the trial judge entered a verdict of guilty. A hearing on punishment was conducted almost a month later. At that time, the appellant's guilt had already been adjudicated. Therefore, we hold that the trial judge was under no obligation to withdraw the appellant's guilty plea.[1] *Ralls v. State*, supra. *Cf. Moon v. State*, 572 S.W.2d 681 (Tex.Cr. App.1977). The appellant's contention is overruled.

The judgment is affirmed.

---

1. *Ralls, Milligan*, and *Stanton* all involved the trial judge's discretion to allow a defendant to withdraw a plea of guilty. Therefore, they are distinguishable from the present case since we here deal with the *duty* of the trial judge to withdraw a plea of guilty. However, the logic and policy of *Ralls, Milligan*, and *Stanton* are equally applicable to the present case.

## OPINION ON REHEARING EN BANC ON THE COURT'S OWN MOTION

DALLY, Judge.

On original submission Panel No. 3 for the First Quarter, 1978, found that the evidence fairly raised an issue of the appellant's guilt, but held that since this evidence was not offered until after an adjudication of guilt, the court did not err in failing to withdraw the appellant's plea of guilty. We now affirm the appeal on the authority of *Moon v. State,* 572 S.W.2d 681 (No. 54,352, decided Oct. 4, 1978 on the State's motion for rehearing).

The appellant waived a jury trial and entered his plea of guilty before the court. We held in *Moon v. State,* supra, that when a plea of guilty is before the court it need not be withdrawn and a plea of not guilty entered when evidence is introduced that might reasonably and fairly raise the issue of fact as to the guilt of the defendant. The trial judge as the trier of the facts may without withdrawing the plea decide the issue either finding the defendant not guilty or guilty as he believes the facts require. The trial court did not err in failing to withdraw the appellant's plea of guilty.

The judgment is affirmed.

ONION, Presiding Judge, concurring.

Appellant relies upon the rule that where a defendant has entered a guilty or nolo contendere plea in a felony case, whether before judge or jury, and the evidence introduced makes evident the innocence of the accused or which reasonably and fairly raises an issue as to such fact and such evidence is not withdrawn, the trial court is required to sua sponte enter a not guilty plea for the defendant. See e.g., *Harris v. State,* 76 Tex.Cr.R. 126, 172 S.W. 975 (1915); *Yantis v. State,* 95 Tex.Cr.R. 541, 255 S.W. 180 (1923); *Fite v. State,* 163 Tex.Cr.R. 279, 290 S.W.2d 897 (1956); *Edworthy v. State,* 371 S.W.2d 563 (Tex.Cr.App.1963); *Lee v. State,* 503 S.W.2d 244 (Tex.Cr.App.1973); *Woodberry v. State,* 547 S.W.2d 629 (Tex. Cr.App.1977). See also *Burks v. State,* 145 Tex.Cr.R. 15, 165 S.W.2d 460 (1942); *Gonzales v. State,* 480 S.W.2d 663 (Tex.Cr.App. 1972); *Faz v. State,* 510 S.W.2d 922 (Tex.Cr.App.1974); *Cooper v. State,* 537 S.W.2d 940 (Tex.Cr.App.1976); *Sanchez v. State,* 543 S.W.2d 132 (Tex.Cr.App.1976); *Allen v. State,* 559 S.W.2d 656 (Tex.Cr.App.1977).

After a careful examination of the record, I cannot conclude that the evidence made evident the innocence of the appellant or reasonably and fairly raised an issue of such fact. For this reason, I concur in the result reached.

I dissent to the disposition of this case on the basis of the decision in *Moon v. State,* 572 S.W.2d 681 (Tex.Cr.App. # 54,352, June 29, 1977—rehearing Oct. 4, 1978.) (On State's Motion for Rehearing). There the court held that the above discussed rule no longer has application to pleas of guilty or nolo contendere in a bench trial yet was still applicable to jury trials. Thus, a well established rule is split in two, despite the fact that it has been applied consistently to both types of trials before and after the 1965 Code of Criminal Procedure. The better view is set forth in the opinion on original submission in *Moon.* I dissent to the disposition of this case on the basis of the opinion in *Moon* on State's motion for rehearing.

ROBERTS, Judge, concurring in part and dissenting in part on rehearing en banc upon Court's own motion.

For the reasons stated in my opinion on original submission, I agree that the judgment should be affirmed. However, I remain convinced that the testimony at the punishment hearing reasonably and fairly brought the appellant's guilt into question. However, because the trial judge had already found the appellant guilty, the issue was raised too late to require the judge to withdraw appellant's plea.

VOLLERS, J., joins in this opinion.