**Pablo CAZARES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–82–00484–CR.**

Court of Appeals of Texas, Dallas.

June 21, 1983.

Tom Mills, Dallas, for appellant.

Henry Wade, Dist. Atty., Deborah E. Farris, Asst. Dist. Atty., for appellee.

Before STEPHENS, ALLEN and VANCE, JJ.

ALLEN, Justice.

Appellant waived trial by jury and entered a plea of guilty to the offense of murder which is set out in Tex.Penal Code Ann. § 19.02 (Vernon 1974). The court assessed punishment at ten years in the Texas Department of Corrections.

In a single ground of error, appellant contends that the trial court erred by failing to withdraw sua sponte his plea of guilty when evidence was introduced that sufficiently raised the issue of self-defense. The record contains a written judicial confession wherein the appellant stated: "I judicially confess that on the 5th day of August, 1981 in Dallas County, Texas, I did knowingly and intentionally cause the death of Manuel Molina, an individual, by shooting Manuel Molina with a handgun, a deadly weapon."

Appellant contends that his own testimony after his plea of guilty raised a question as to his guilt. Appellant testified that: 1) on arriving at his home he found Molina in his kitchen; 2) Molina did not answer him when he inquired as to what Molina was doing there; and 3) when Molina walked toward him he "sort of" panicked and pulled a gun and shot him. Appellant also testified as to prior difficulties he and his family had had with Molina.

In *Moon v. State,* 572 S.W.2d 681 (Tex.Cr. App.1978) (en banc) (On Rehearing), the

**54**

Court held that a trial court is no longer required to withdraw sua sponte a plea of guilty and enter a plea of not guilty for a defendant when the defendant enters the plea of guilty before the court after waiving a jury, even if evidence is adduced that might reasonably and fairly raise an issue of fact as to the guilt of the defendant. *See also Thomas v. State,* 599 S.W.2d 823, 824 (Tex.Cr.App.1980). The trial judge as the trier of the facts may, without withdrawing the plea, decide the issue by either finding the defendant not guilty or guilty as he believes the facts require. *Id.; Sullivan v. State,* 573 S.W.2d 1, 4 (Tex.Cr.App. 1978) (en banc) (On Rehearing).

After having already received appellant's written judicial confession, the trial court did not err in failing to withdraw sua sponte appellant's plea of guilty and enter a plea of not guilty for him. Appellant's contention is overruled.

The judgment is affirmed.