NUMBER 13-02-702-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

VICKY TREVINO A/K/A VICKY STICKELL,                            Appellant,

v.
 
THE STATE OF TEXAS,                                                   Appellee.
___________________________________________________________________

On appeal from the 28th District Court 
of Nueces County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Rodriguez

         Appellant, Vicky Trevino, also known as Vicky Stickell, waived trial by jury and
pleaded guilty to three counts of an indictment charging theft of United States
currency of a value of $1,500 or more but less than $20,000. Following a hearing
before the court, appellant was sentenced to a one-year term of confinement at a state
jail facility. By two points of error, appellant contends (1) the evidence is insufficient
to support a conviction of felony theft, and (2) the trial court should have sua sponte
withdrawn her plea. The trial court has certified that this case "is not a plea bargain
case, and the defendant has the right of appeal." See Tex. R. App. P. 25.2(a)(2). We
affirm the trial court's judgment.
         Because all issues of law are settled, our memorandum opinion only advises the
parties of the Court's decision and the basic reasons for it. See id. at rule 47.4.
I. Sufficiency of the Evidence
         By her first point of error, appellant contends the evidence submitted by
stipulation and oral testimony at the time of her open plea is insufficient to support a
conviction of felony theft. However, a judicial confession, standing alone, is sufficient
to sustain a conviction upon a guilty plea and does not require corroboration. Dinnery
v. State, 592 S.W.2d 343, 353-54 (Tex. Crim. App. 1980) (op. on reh'g); Jones v.
State, 857 S.W.2d 108, 110 n.1 (Tex. App.–Corpus Christi 1993, no pet.) (an
affirmative answer to question of whether defendant agreed and stipulated under oath
that charges and allegations in indictment are true and correct constituted judicial
confession which would alone support judgment); see Lord v. State, 63 S.W.3d 87,
92 (Tex. App.–Corpus Christi 2001, no pet.).
         In the present case, the trial court accepted appellant's guilty plea and found
appellant guilty based on her judicial confession and stipulation. The confession and
stipulation tracked the language of the three counts of the indictment and included all
elements of the felony theft offenses charged. See Tex. Pen. Code Ann. § 31.03(a),
(e)(4) (Vernon Supp. 2004) (setting out elements for state jail felony theft). Under
Dinnery, appellant's judicial confession did not require corroboration, and such
evidence was sufficient under article 1.15 of the Texas Code of Criminal Procedure to
show appellant's guilt and to support her conviction on the three felony theft offenses. 
See Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon Supp. 2004) (when defendant
pleads guilty to felony in trial to bench, State must introduce evidence into record
showing guilt of defendant). Moreover, appellant was sworn in at the hearing, and the
trial court asked her questions. After appellant resonded that she was guilty as to
each count identified individually, the trial court asked, "Are you pleading guilty to
each of these counts, Ms. Trevino, because you are in fact guilty?" Appellant
answered, "Yes, I am." Under Dinnery, appellant's answers to the trial court
constitute a judicial confession which would alone support the judgment. See Dinnery,
592 S.W.2d at 354; Jones, 857 S.W.2d at 111. Accordingly, the evidence is
sufficient to sustain the conviction. Appellant's first point of error is overruled.
II. Withdrawal of Guilty Plea
         In point of error two, appellant contends the trial court should have sua sponte
withdrawn her guilty plea when she raised issues about her innocence. However,
"when a plea of guilty is before the court it need not be withdrawn and a plea of not
guilty entered when evidence is introduced that might reasonably and fairly raise the
issue of fact as to the guilt of the defendant." Sullivan v. State, 573 S.W.2d 1, 4
(Tex. Crim. App. 1978) (op. on reh'g) (en banc); Moon v. State, 572 S.W.2d 681,
682 (Tex. Crim. App. 1978); see Aldrich v. State, 104 S.W.3d 890, 892-93 (Tex.
Crim. App. 2003); see also Coronado v. State, 25 S.W.3d 806, 808 (Tex. App.–Waco
2000, pet. ref'd) (recognizing that where guilty plea is before court, trial court has no
duty to sua sponte withdraw plea when evidence raises question concerning
defendant's innocence).
         In the present case, appellant waived a jury trial and entered her plea of guilty
before the trial court. Under Moon, as followed in Sullivan, the trial court had no duty
to sua sponte withdraw appellant's guilty plea. Accordingly, appellant's second point
of error is overruled.
III. Conclusion
         We affirm the judgment of the trial court.
                                                                        
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and
filed this the 29th day of July, 2004.