**Julius Gilbert O'NEAL, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–03–00026–CR.**

Court of Appeals of Texas, El Paso.

Dec. 2, 2004.

---

Adam L. Seidel, Adam L. Seidel, P.C., Dallas, for Appellant.

William T. Hill, Dist. Atty. of Dallas County, for State.

Before Panel No. 5 HILL, C.J. (Retired), McCLURE, and CHEW, JJ.

### *MEMORANDUM OPINION*

JOHN HILL, Chief Justice (Retired).

Julius Gilbert O'Neal, Jr. appeals his convictions by a jury for the offenses of sexual assault and sexual assault of a child, upon his pleas of guilty, after he had initially plead not guilty. The trial court assessed his punishment at 40 years' confinement in the Texas Department of Cor-

rections, Institutional Division, for his conviction of the offense of sexual assault of a child, and at 20 years' confinement in the Texas Department of Corrections, Institutional Division, for his conviction of the offense of sexual assault. He contends in two issues that the trial court erred by assessing his sentence without first obtaining a written jury waiver signed by him and that the trial court abused its discretion by failing to vacate his guilty plea to the aggravated sexual assault offense after he asserted his innocence during the sentencing hearing. We affirm.

■ O'Neal contends in Issue One that the trial court erred in assessing sentence without first obtaining a written jury waiver signed by him. The punishment of a defendant who pleads guilty shall be assessed by a jury, unless the defendant has waived his or her right to trial by jury in accordance with Articles 1.13 or 37.07 of the Texas Code of Criminal Procedure. TEX.CODE CRIM. PROC. ANN. art. 26.14. Article 37.07 provides that if a finding of guilty is returned, the defendant may, with the consent of the attorney for the State, change his or her election of one who assesses the punishment. TEX.CODE CRIM. PROC. ANN. art. 37.07, § 2(b). In this case, O'Neal changed his election of who was to assess punishment from the jury to the trial court. He did so, and the State's attorney consented to the change. The change was made at the time O'Neal changed his plea from not guilty to guilty, with his understanding that the trial court would instruct the jury to find him guilty of the offenses. We hold that under this circumstance, a written jury waiver was not required because O'Neal waived his right to have the jury assess his punishment, with the consent of the State's attorney, all in accordance with article 37.07, section 2(b).

O'Neal insists that articles 26.14 and 1.13 of the Texas Code of Criminal Procedure require that his waiver of a jury be in writing. We have already noted that article 26.14 indicates that the waiver must be in accordance with article 1.13 or 37.07. Inasmuch as O'Neal's waiver was in accordance with article 37.07, section 2(b), the fact that it was not in accordance with article 1.13 is of no consequence, as shown by the wording in article 26.14 that the waiver is to be in accordance with article 1.13 *or* article 37.07. TEX.CODE CRIM. PROC. ANN. art. 26.14. (Emphasis added). We overrule Issue One.

O'Neal urges in Issue Two that the trial court erred by failing to vacate his guilty plea as to the aggravated sexual assault offense after he asserted his innocence during the sentencing hearing. As previously noted, when O'Neal changed his plea from not guilty to guilty, the trial court instructed the jury to find O'Neal guilty, which it did. Subsequently, at his sentencing hearing before the trial court, O'Neal told the court that his involvement with his daughter was done from a fatherly point of view, to aid her with a rash and an "ingrowing" hair. He said he showed her how to masturbate after he told her that her masturbation was extremely excessive and she replied that she did not know how to do it. He insisted that his daughter's testimony about oral copulation and his having sex with her was a lie.

After the jury found O'Neal guilty, the trial court ordered a pre-sentence investigation report and subsequently pronounced O'Neal's sentence, all as provided in article 37.07, section 3(e) of the Texas Code of Criminal Procedure. TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(e). O'Neal asserts that the trial court abused its discretion by not *sua sponte* vacating his guilty plea when O'Neal asserted his inno-

cence of the offense of sexual assault of a child at the sentencing hearing.

 O'Neal never requested that his plea of guilty be withdrawn after his exculpatory statements that he made during the sentencing hearing. The jury that had found him guilty had been discharged. Had O'Neal requested that his guilty plea be withdrawn, the trial court would have been acting within its discretion to deny the request because O'Neal's request would have been untimely. *See DeVary v. State,* 615 S.W.2d 739, 740 (Tex.Crim.App. 1981). It reasonably follows that where the defendant presents exculpatory evidence at a time when a request for withdrawal of his or her plea would be untimely, the trial court does not have a duty *sua sponte* to withdraw the defendant's plea of guilty.

 O'Neal principally relies upon the cases of *Griffin v. State,* 703 S.W.2d 193, 197 (Tex.Crim.App.1986) (op. on reh'g); *Rivera v. State,* 952 S.W.2d 34, 35 (Tex. App.-San Antonio 1997, no pet.); and *Sullivan v. State,* 573 S.W.2d 1, 1–3 (Tex. Crim.App.1978). We have examined all of these cases and find that none holds that the trial court has a duty to *sua sponte* withdraw a defendant's plea of guilty where exculpatory evidence is presented at a sentencing hearing held after the defendant has plead guilty to a jury and been found guilty by that jury. We overrule Issue Two.

The judgments are affirmed.

HILL, C.J. (Retired) sitting by assignment.