2) Caption, civil cases






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




JULIUS GILBERT O’NEAL, JR.,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-03-00027-CR

Appeal from the

Criminal District Court No. 3

of Dallas County, Texas 

(TC#F-0146431-LJ) 





MEMORANDUM OPINION

           Julius Gilbert O’Neal, Jr. appeals his convictions by a jury for the offenses of sexual
assault and sexual assault of a child, upon his pleas of guilty, after he had initially plead not
guilty. The trial court assessed his punishment at 40 years’ confinement in the Texas
Department of Corrections, Institutional Division, for his conviction of the offense of sexual
assault of a child, and at 20 years’ confinement in the Texas Department of Corrections,
Institutional Division, for his conviction of the offense of sexual assault. He contends in two
issues that the trial court erred by assessing his sentence without first obtaining a written jury
waiver signed by him and that the trial court abused its discretion by failing to vacate his
guilty plea to the aggravated sexual assault offense after he asserted his innocence during the
sentencing hearing. We affirm.
           O’Neal contends in Issue One that the trial court erred in assessing sentence without
first obtaining a written jury waiver signed by him. The punishment of a defendant who
pleads guilty shall be assessed by a jury, unless the defendant has waived his or her right to
trial by jury in accordance with Articles 1.13 or 37.07 of the Texas Code of Criminal
Procedure. Tex. Code Crim. Proc. Ann. art. 26.14. Article 37.07 provides that if a finding
of guilty is returned, the defendant may, with the consent of the attorney for the State, change
his or her election of one who assesses the punishment. Tex. Code Crim. Proc. Ann. art.
37.07, § 2(b). In this case, O’Neal changed his election of who was to assess punishment
from the jury to the trial court. He did so, and the State’s attorney consented to the change. 
The change was made at the time O’Neal changed his plea from not guilty to guilty, with his
understanding that the trial court would instruct the jury to find him guilty of the offenses. 
We hold that under this circumstance, a written jury waiver was not required because O’Neal
waived his right to have the jury assess his punishment, with the consent of the State’s
attorney, all in accordance with article 37.07, section 2(b).
           O’Neal insists that articles 26.14 and 1.13 of the Texas Code of Criminal Procedure
require that his waiver of a jury be in writing. We have already noted that article 26.14
indicates that the waiver must be in accordance with article 1.13 or 37.07. Inasmuch as
O’Neal’s waiver was in accordance with article 37.07, section 2(b), the fact that it was not
in accordance with article 1.13 is of no consequence, as shown by the wording in article
26.14 that the waiver is to be in accordance with article 1.13 or article 37.07. Tex. Code 
Crim. Proc. Ann. art. 26.14. (Emphasis added). We overrule Issue One.
           O’Neal urges in Issue Two that the trial court erred by failing to vacate his guilty plea
as to the aggravated sexual assault offense after he asserted his innocence during the
sentencing hearing. As previously noted, when O’Neal changed his plea from not guilty to
guilty, the trial court instructed the jury to find O’Neal guilty, which it did. Subsequently,
at his sentencing hearing before the trial court, O’Neal told the court that his involvement
with his daughter was done from a fatherly point of view, to aid her with a rash and an
“ingrowing” hair. He said he showed her how to masturbate after he told her that her
masturbation was extremely excessive and she replied that she did not know how to do it. 
He insisted that his daughter’s testimony about oral copulation and his having sex with her
was a lie.
           After the jury found O’Neal guilty, the trial court ordered a pre-sentence investigation
report and subsequently pronounced O’Neal’s sentence, all as provided in article 37.07,
section 3(e) of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art.
37.07, § 3(e). O’Neal asserts that the trial court abused its discretion by not sua sponte
vacating his guilty plea when O’Neal asserted his innocence of the offense of sexual assault
of a child at the sentencing hearing.
           O’Neal never requested that his plea of guilty be withdrawn after his exculpatory
statements that he made during the sentencing hearing. The jury that had found him guilty
had been discharged. Had O’Neal requested that his guilty plea be withdrawn, the trial court
would have been acting within its discretion to deny the request because O’Neal’s request
would have been untimely. See DeVary v. State, 615 S.W.2d 739, 740 (Tex. Crim. App.
1981). It reasonably follows that where the defendant presents exculpatory evidence at a
time when a request for withdrawal of his or her plea would be untimely, the trial court does
not have a duty sua sponte to withdraw the defendant’s plea of guilty.
           O’Neal principally relies upon the cases of Griffin v. State, 703 S.W.2d 193, 197 (Tex.
Crim. App. 1986) (op. on reh’g); Rivera v. State, 952 S.W.2d 34, 35 (Tex. App.--San
Antonio 1997, no pet.); and Sullivan v. State, 573 S.W.2d 1, 1-3 (Tex. Crim. App. 1978). We
have examined all of these cases and find that none holds that the trial court has a duty to sua
sponte withdraw a defendant’s plea of guilty where exculpatory evidence is presented at a
sentencing hearing held after the defendant has plead guilty to a jury and been found guilty
by that jury. We overrule Issue Two.
           The judgments are affirmed.
                                                       JOHN HILL, Chief Justice (Ret.)
December 2, 2004

Before Panel No. 5
Hill, C.J. (Ret.), McClure, and Chew, JJ.
Hill, C.J. (Ret.) sitting by assignment
 
(Do Not Publish)