ACCEPTED
03-15-00392-CR
6153335
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/21/2015 11:24:31 AM
JEFFREY D. KYLE
CLERK

No. 03-15-00392-CR

IN THE COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT OF
TEXAS AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/21/2015 11:24:31 AM
JEFFREY D. KYLE
Clerk

\*\*\*\*\*\*\*\*

# TYLER DAVID EBANKS

## VS.

# THE STATE OF TEXAS
\*\*\*\*\*\*\*\*

ON APPEAL FROM THE 264th DISTRICT COURT
OF BELL COUNTY, TEXAS
Cause No. 72,912

\*\*\*\*\*\*

# STATE'S BRIEF
\*\*\*\*\*\*

HENRY GARZA
DISTRICT ATTORNEY

BOB D. ODOM
ASSISTANT DISTRICT ATTORNEY
P.O. Box 540
Belton, Tx 76513
(254) 933-5215
FAX (254) 933-5704
DistrictAttorney@co.bell.tx.us
SBA No. 15200000

***Oral Argument Not Requested***

1

# TABLE OF CONTENTS

**ITEM**                                                                                 **PAGE**

Index of Authorities ……………………………………………………………………     3

Statement Regarding Oral Argument ………………………………………….     4

Statement of the Case ……………………………………………………     4

Statement of Facts ……………………………………………………………     5

Summary of State's Argument ……………………………………………….     8

Argument and Authorities ………………………………………………………     9

     Issue on Appeal ……………………………………………………………….     9

        APPELLANT RECEIVE INEFFECTIVE
        ASSISTANCE OF COUNSEL WHEN COUNSEL
        DID NOT MOVE TO WITHDRAW WHEN HE
        TESTIFIED AT PUNISHMENT PHASE THAT
        HE DID NOT INTEND TO HURT THE CHILD?

        Standard of Review ………………………………………………     9

        Application and Analysis …………………………………………     11

Prayer ……………………………………………………………………………     18

Certificate of Compliance with Rule 9 …………………………………….     18

Certificate of Service ……………………………………………………………     19

# INDEX OF AUTHORITIES

**CASES**                                                                                      **PAGE**

*Bone v. State*, 77 S.W.3d 828 (Tx. Cr. App. 2002) ........................... 10

*Goodspeed v. State,* 187 S.W.3d 390 (Tx. Cr. App. 2005) ............... 11

*Jackson v State*, 590 S.W. 2d 514 (Tx. Cr. App. 1979) .................... 12

*Mallett v. State*, 65 S.W.3d 59 (Tx. Cr. App. 2001) ......................... 13-15

*Ex Parte Miller*, 330 S.W.3d 610 (Tx. Cr. App. 2009) ..................... 10

*Moon v. State*, 572 S.W.2d 681 (Tx. Cr. App. 1978) ........................ 16

*Settles v. State,* No. 08-05-00133-CR, ................................................. 14-15
    2006 Tex. App. LEXIS 9397, (Tx. App. El Paso 8th
    Dist. 2006 no pet.), not designated for publication.

*State v. Morales*, 253 S.W.3d 686 (Tx. Cr. App. 2008) ..................... 10

*Strickland v. Washington*, 466 U.S. 668 (1982) ............................... 10

*Sullivan v. State*, 573 S.W. 2d 1 (Tx. Cr. App. 1978) ........................ 16

*Thompson v. State,* 9 S.W. 3d 808 (Tx. Cr. App. 1999) .................... 10


**OTHER**

*Texas Penal Code*

    Section 22.04(a)(1) ................................................................. 12

## STATEMENT REGARDING ORAL ARGUMENT

The State does not request oral argument.

## STATEMENT OF THE CASE

The Appellant, Tyler David Ebanks, was charged by indictment with the offense of injury to a child with serious bodily injury. The indictment alleged that he intentionally and knowingly caused serious bodily injury to A.J., a child 14 years of age or younger, by striking him. (CR-4).

The Appellant waived his right to a jury trial and entered a plea of guilty. (CR-30; RR2-8). He judicially confessed to the offense as charged in the indictment. (CR-35; RR2-8, 9). There was no plea bargain with the State. (CR-30; RR2-5). The trial court found the evidence sufficient to support a finding of guilty, ordered a presentence investigation, and recessed the hearing. (RR2-10).

At the subsequent punishment hearing, after receiving evidence from both the State and the Appellant, the trial court assessed punishment at 30 years in the Texas Department of Criminal Justice Institutional Division. (CR-50; RR3-100).

The Appellant gave timely notice of appeal (CR-54, 64) and the trial court certified his right to do so. (CR-65). No motion for new trial was filed.

## STATEMENT OF FACTS

Stephanie Jones left her 3 year old son, A.J., with the Appellant, his step-father, while she went shopping. A short time later she received a call from the Appellant telling her to "get home". (RR3-6, 7). When she arrived she found the Appellant holding her son. He was unresponsive and she called 911. (RR3-7). The Appellant told her that A.J. had fallen from his crib, which was actually a type of play pen that sat low to the floor. (RR3-7, 19).

In the ambulance A.J. stopped breathing and he was airlifted to the McLane Children's Hospital in Temple, Texas. (RR3-8). At the hospital Ms. Jones was advised the her son's injuries did not match up to the Appellant's version of what had occurred and Child Protective Services was called. (RR3-8).

Three year old A.J. had suffered 2 skull fractures and was bleeding in his brain and behind his eyes. His right ear was broken. (RR3-8). He was kept in the intensive care unit of the hospital in a medically induced

coma for 7 or 8 days, and then transferred to a children's hospital in Dallas, where he remained for 2 ½ weeks. (RR3-10, 11).

As a result of his injuries the child suffered brain damage that caused learning disabilities.  He could no longer sit up by himself, walk, or hold a spoon.  Extensive physical and speech therapy was necessary and continued at time of trial.  His prognosis remained uncertain. (RR3-8, 9, 10).

The Appellant eventually recanted his original claim that the child had fallen from the playpen crib and admitted to authorities that he struck the child. (RR3-8).

The Appellant entered a plea of guilty before Judge John Gauntt. The court carefully admonished him pursuant to Article 26.13 of the *Texas Code of Criminal Procedure.* (RR2-4-7).  The court then went over with the Appellant the specific allegations in the indictment and the Appellant stated that his plea to those allegations was "guilty". (RR2-7, 8).  The Appellant confirmed that his plea was freely and voluntarily entered and was not the result of any force or threats but that he was pleading guilty "…soley because you are guilty, and for no other reason." (RR3-8).

The Appellant signed a judicial confession that affirmed that he had read the indictment and was guilty of the offense as alleged and stated to the court that he signed it fully understand it's effect. (CR-35; RR2-7, 8). That judicial confession was admitted as State's Exhibit 1 without objection. (RR2-9). The trial court found the evidence sufficient to find the Appellant guilty but withheld a finding and recessed the hearing for the preparation of a presentence report. (RR2-10).

At the punishment hearing the State called Stephanie Jones to testify and then rested. The Appellant then presented testimony from Dr. William Lee Carter, a psychologist who had examined him, and his mother, Tammy Jennings. Dr. Carter stated that the Appellant had been physically and emotionally abused as a child (RR3-32) and that children who are abused tend to have difficulties with their own impulse control and anger. (RR3-35). He stated that the Appellant displayed the characteristics of narcissism and compulsive conduct. (RR3-36). Ms. Jennings confirmed that the Appellant was abused as a child by his father. (RR3-45).

The Appellant testified and admitted that he struck the 3 year old child on the side of the face, causing him to fall hitting the mattress and box springs of the bed. (RR3-66). He claimed that he did so to get the

7

child's attention, rather than to hurt him. (RR3-66, 67). The Appellant said that the child would not get in the bed in spite of the rules of the household that 2:00 to 4:00 p.m. was nap time. Nevertheless, the 3 year old child shook his head "no". At that point the Appellant said that he stuck him on the face because "he knows the rules of the house." (RR3-65).

On cross examination he admitted lying to his wife and to the police about what had happened. (RR3-80, 81). He acknowledged that he had told Dr. Carter that he just didn't think a kid should run the house. (RR3-82, 83).

## SUMMARY OF STATE'S ARGUMENT

The Appellant unequivocally entered a plea of guilty and judicially confessed to the elements of the offense as charged in the indictment and the trial court took the case under advisement. At the subsequent punishment phase he attempted to mitigate punishment and denied that he had intended to hurt the child. He has failed to fulfill his burden to show that his counsel's failure to request to withdraw his plea of guilty, if his testimony can be construed as a claim of innocence, was not part of a reasonable trial strategy and, thus fell below an objective

8

standard of reasonableness. His trial counsel has been given no opportunity to explain his decision not to do so. Counsel is entitled to the presumption that his performance was constitutionally adequate.

The Appellant has also failed in his burden to show that but for his counsel's alleged deficiency there is a reasonable probability that the results of the proceedings would have been different.

# ARGUMENT AND AUTHORITIES

## *Issue on Appeal*

Did the Appellant receive ineffective assistance of counsel because his trial counsel did not move to withdraw his otherwise voluntary plea of guilty when he testified at the punishment phase that he did not intend to hurt the child?

## *Standard of Review*

In order to establish ineffective assistance of counsel, the Appellant must prove by a preponderance of the evidence: (1) that his trial counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced him to such a degree as to deprive him of a fair trial. Such prejudice is demonstrated when the defendant shows a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome of the proceeding. *Strickland v. Washington*, 466 U.S. 668, 687 (1982); *Thompson v. State*, 9 S.W.3d 808, 813-14 (Tx.Cr.App. 1999).

The Appellate Court does not view trial counsel's performance by hindsight, but rather upon the facts of the particular case as they were at the time of counsel's conduct. *Thompson* at 813. The Appellate Court must be highly deferential to the judgment of counsel and must presume that counsel's actions fell within a range of reasonable and professional assistance. *Bone v. State*, 77 S.W.3d 828, 836 (Tx.Cr.App. 2002). Thus, unless there is a record sufficient to demonstrate that counsel's conduct was not the product of a strategic or tactical decision, a reviewing court should presume that trial counsel's performance was constitutionally adequate unless that conduct was so outrageous that no competent attorney would engage in it. *State v. Morales*, 253 S.W.3d 686, 696 (Tx.Cr.App. 2008). The fact that another attorney may have pursued a different tactic at trial is insufficient to prove a claim of ineffective assistance. *Ex Parte Miller*, 330 S.W.3d 610, 616 (Tx.Cr.App. 2009).

Trial counsel should ordinarily be given an opportunity to explain his or her actions before being denounced as ineffective. Absent such an opportunity the appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tx.Cr.App. 2005).

## *Application and Analysis*

The Appellant alleges that his counsel rendered ineffective assistance on the sole ground that he did not move to withdraw his plea of guilty when he testified at the punishment phase of the trial that he did not intend to hurt the child when he struck him. (RR3-66, 68). This, he contends, rendered his otherwise voluntary plea of guilty involuntary. He has failed to fulfill his burden of proof to show ineffectiveness on the part of trial counsel and, therefore, the Court must presume that counsel was effective.

The trial court carefully admonished the Appellant and he confirmed that his plea of guilty was freely and voluntarily entered because he was guilty as charged in the indictment. (RR2-6-8). The court admitted his judicial confession admitting that he had read the indictment and that he committed each and every element of the offense

charged therein. The indictment alleged that he had intentionally and knowingly caused serious bodily injury to A.J., a child 14 years of age or younger, by striking him. (CR-4). The indictment included all of the elements of the offense of injury to a child as provided in Section 22.04(a)(1) of the *Texas Penal Code.* The Appellant does not challenge the sufficiency of the evidence to support his plea. His plea of guilty was unequivocal. The trial court found the evidence sufficient to support a finding of guilt and the Appellant did not contest that finding. (RR2-10). The court then took the case under advisement and ordered the preparation of a presentence report. [1]

Some 2 months later when the case was reconvened counsel for the Appellant presented his case in mitigation of punishment, including the testimony of the psychologist and the Appellant's mother. He then called the Appellant. In his testimony he admitted striking the 3 year old child on the face, knocking him down and lying about what happened to his wife and the authorities, however, he stated that he did

---

[1] After the trial court has admonished the defendant, received his plea and evidence, and passed the case for a presentence investigation it has taken the case under advisement and the plea may no longer be withdrawn as a matter of right. *Jackson* v. State, 590 S.W.2d 514, 515 (Tx. Cr. App. 1979).

not intend to hurt the child but only to get his attention because he (the child) knew the rules of the house. (RR3-65, 66, 68). He told the psychologist that he just didn't think a kid should run the house. (RR3-82, 83).

The Appellant now contends that his trial counsel should have moved to withdraw the plea when he said that he did not intend to hurt the child and failure to do so rendered the plea involuntary. He has cited nothing in the record to explain why counsel chose not to do so nor did he file a motion for new trial on that ground. The Appellant has failed in his burden to show that his counsel's failure to request that he be allowed to withdraw his plea was not part of counsel's reasonable trial strategy.

The Appellant dismisses this failure by repeatedly stating, without citation of authority, that a plea of guilty while testifying to innocence cannot be freely, voluntarily, and intelligently entered. First, this assumes that his testimony was in fact a protestation of innocence, rather than an attempt at mitigation of punishment by minimizing his culpability. But even if that is the case, the courts have held that there are all sorts of considerations that may motivate a guilty plea. *Mallett v. State*, 65 S.W.3d 59, 64 (Tx. Cr. App. 2001). The record does not

remotely indicate that the Appellant even wanted to withdraw his plea except by hindsight. There may have been many reasons why he wanted to continue with that plea even while trying to mitigate by minimizing his culpability.

In *Mallett* the defendant entered a plea of guilty to aggravated assault on a police officer. After entering his plea of guilty he testified that he did not intentionally try to run over the officer. He claimed his counsel was ineffective for not moving to be allowed to withdraw his plea. The Court of Criminal Appeals pointed out that the record, as in this case, did not indicate why counsel did not move to withdraw the defendant's plea of guilty and noted that counsel might well have felt that he could not rebut the recitations in the record showing that his plea was freely and voluntarily entered. The Court of Criminal Appeals said that, in any event, such speculation as to a reasonable trial strategy was immaterial because the defendant had failed to satisfy his burden to show ineffective assistance absent anything in the record as to counsel's reasons for failing to object. *Mallett* at 64, 65. See also *Settles v. State*, No. 08-05-00133-CR, 2006 Tex. App. LEXIS 9397 (Tx. App. El Paso 8th Dist. 2006 no pet.), not designated for publication. (Where record shows the defendant pled guilty freely and voluntarily to the offense alleged in

the indictment and was properly admonished a *prima facie* case that the plea was knowing and voluntary is established; and where the record is silent as to why the counsel did not request to withdraw the plea the defendant has failed to fulfill her burden of proof to show ineffectiveness.).

In this case the record is very clear that the Appellant entered his plea of guilty to the exact offense charged in the indictment freely, voluntarily and intelligently and a *prima facie* case that the plea was so entered has been clearly established. There has been no showing as to what the trial strategy of counsel was in not requesting to withdraw his plea. Absent such evidence in the record counsel's assistance must be presumed to have been constitutionally adequate and counsel should not be branded ineffective without being accorded an opportunity to explain his actions.

Although it is not necessary to speculate as to what counsel's trial strategy might have been in this regard where the Appellant has failed to fulfill his burden to show ineffectiveness, nevertheless it is probable, as in *Mallett* and *Settles*, that he reasonably concluded that he could not rebut his unequivocal plea of guilty and judicial confession. Further, in light of the evidence of such severe injuries to the child that

contradicted his claim that he struck a single blow and did not intend to hurt the child, might well have been a reasonable strategy to continue with his plea of guilty.

The Appellant has also failed in his burden to show that, but for counsel's alleged error in failing to request to withdraw his plea of guilty, the result of his trial would have been different. Whether or not to allow him to withdraw his plea at the punishment stage of the trial after the case had been taken under advisement was entirely within the trial court's discretion. The trial court was under no duty to *sua sponte* withdraw the plea due to the Appellant's testimony attempting to mitigate punishment by minimizing his intent to hurt the child. The trial court was under no duty to do so because it had withheld its finding of guilt pending the preparation of the presentence report. The court had the option, after considering all of the evidence, to find the Appellant not guilty should it believe the facts required it without withdrawing the plea. *Sullivan v.* State, 573 S.W.2d 1, 4 (Tx. Cr. App. 1978), op. on rehearing, citing *Moon v. State*, 572 S.W.2d 681 (Tx. Cr. App. 1978).

The court heard Appellant's testimony at punishment and could have found him not guilty based upon his denial of intent but did not do

so. There is no reason to believe that the court would have granted his request had it been made or that he would have been found not guilty.

Great difference must be given to the judgment of trial counsel and he must be presumed to have rendered reasonable and professional assistance. Absent anything in the record to show that his conduct was not the product of strategic or tactical decisions counsel is also entitled to the presumption that he rendered constitutionally adequate assistance unless the record establishes conduct so outrageous that no competent attorney would engage in it. There has been no such showing in this case and no opportunity was even afforded counsel to answer the accusations against him. The Appellant has failed in his burden and the judgment of conviction must be affirmed.

# PRAYER

The State of Texas respectfully prays that the judgment of conviction herein be, in all things, be affirmed.

Respectfully Submitted,

HENRY GARZA
District Attorney

/s/ *Bob D. Odom*

BOB D. ODOM
Assistant District Attorney
P.O. Box 540
Belton, Tx 76513
(254) 933-5215
FAX (254) 933-5704
DistrictAttorney@co.bell.tx.us
SBA No. 15200000

# CERTIFICATE OF COMPLIANCE WITH RULE 9

This is to certify that the State's Brief is in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 2,701words.

/s/ *Bob D. Odom*

BOB D. ODOM
Assistant District Attorney

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this brief has been served upon, Richard E. Wetzel, Counsel for Appellant, by electronic transfer via Email, addressed to him at: wetzel_law@1411west.com, on this 21st day of July, 2015.

/s/ *Bob D. Odom*

BOB D. ODOM
Assistant District Attorney