**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00275-CR**

_____

**RAUL FIGUEROA-ROSAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 21-08-10629-CR**

**MEMORANDUM OPINION**

Raul Figueroa-Rosas appeals his conviction for indecency with a child, a second-degree felony. *See* Tex. Penal Code Ann. § 21.11(a)(1). After filing the notice of appeal, the trial court appointed an attorney to represent Figueroa-Rosas in his appeal. The attorney discharged his responsibilities to Figueroa-Rosas by filing an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967). In the brief, Figueroa-Rosas's attorney represents there are no arguable reversible errors to be

1

addressed in Figueroa-Rosas's appeal. *See id*.; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). The brief the attorney filed contains a professional evaluation of the record. In the brief, Figueroa-Rosas's attorney explains why, under the record in Figueroa-Rosas's case, no arguable issues exist to reverse the trial court's judgment. *Anders*, 386 U.S. at 744. Figueroa-Rosas's attorney also represented that he sent Figueroa-Rosas a copy of the brief and the record. When the brief was filed, the Clerk of the Ninth Court of Appeals notified Figueroa-Rosas, by letter, that he could file a pro se brief or response with the Court on or before February 10, 2023. Figueroa-Rosas, however, failed to respond.

When an attorney files an *Anders* brief, we are required to independently examine the record and determine whether the attorney assigned to represent the defendant has a non-frivolous argument that would support the appeal. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). After reviewing the clerk's record, the reporter's record, and the attorney's brief, we agree there are no arguable grounds to support the appeal. Thus, it follows the appeal is frivolous. *See Bledsoe v. State,* 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). For that reason, we need not require the trial court to appoint another attorney to re-

brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Figueroa-Rosas may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68. The trial court's judgment is affirmed.

AFFIRMED.

_____
JAY WRIGHT
Justice

Submitted on March 16, 2023
Opinion Delivered May 17, 2023
Do Not Publish

Before Golemon, C.J., Horton and Wright, JJ.

3