## EARL RAY STANTON V. STATE.

No. 26,554. November 11, 1953.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) December 16, 1953.

*Murray J. Howze,* Monahans, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for the offense of burglary, upon a plea

of guilty before the court, with punishment assessed at two years in the penitentiary.

Humphrey, the alleged injured party, was a pumper for the Byrd Oil Corporation and had charge of the lease premises. Upon this lease was a two-room house, about twenty-five feet long, twelve feet wide, and about seven feet high, which Humphrey used both as an office and as a place of abode. The interior thereof contained office equipment, a table used as a desk, a bed, two stoves, one of which was a cook stove, and kitchen utensils. As occasion presented itself, Humphrey occupied the house as his place of residence, cooked, slept, and kept his clothing and personal effects therein.

On the night of January 2, 1953, appellant and one Ward burglarized the house by entering through a window, and took therefrom a shotgun and other personal property.

It is true that under the provisions of Art. 12, C. C. P., as amended, the state is required to introduce evidence sufficient to show the guilt of the accused, where a trial by jury is waived and a plea of guilty is entered in a felony case. In such cases, the plea of guilty constitutes an admission of guilt, but a conviction is not authorized on that plea alone. Burks v. State, 145 Tex. Cr. R. 15, 165 S. W. 2d 460.

The appellant insists that the facts do not show the burglary of a house. In support of that contention, he relies upon the case of Loftis v. State, 157 Tex. Cr. Rep. 569, 251 S. W. 2d 411, wherein it was held that the structure there described and referred to as a "doghouse" was not a house within the meaning of that term as used in the burglary statute.

We are unable to agree that the instant structure was not a house and that the rule announced in the Loftis case should apply. The size, construction, and use that was being made of the structure here involved leave no doubt but that it was a house.

In connection with his plea of guilty and waiver of trial by jury, appellant filed a statutory application for a suspended sentence.

At the conclusion of the introduction of the testimony, the attorney for the state challenged, for the first time, appellant's

eligibility for a suspended sentence, advising the court, in connection therewith, that appellant had previously been in some trouble in the State of Oklahoma. Thereupon, counsel for appellant informed the court that the defendant had been sentenced, as he understood, to a reformatory in the State of Oklahoma as a juvenile delinquent and not on a felony conviction.

Whether the appellant had or had not been theretofore convicted of a felony was not at that time further pursued, for when the attorney for the state challenged the eligibility for a suspended sentence, appellant moved to withdraw his announcement of ready for trial in the case and requested that a mistrial be declared. This motion and request the trial court took under advisement, and recessed the trial to enable investigation to be made as to the facts regarding the Oklahoma conviction.

Some four days thereafter the court reconvened, when it was made known that the conviction in Oklahoma was for a felony.

Thereupon, appellant again sought to withdraw his plea of guilty because "of the misunderstanding of defendant and his counsel as to the nature of the Oklahoma case, and the mistake of fact as to the previous felony conviction in Oklahoma."

This motion the trial court denied, and proceeded to pronounce judgment finding appellant guilty and fixing his punishment as before indicated.

It is insisted that the trial court's refusal to permit appellant to withdraw his plea was an error which requires a reversal of the conviction.

It is the rule of long standing that, ordinarily, an accused who has entered a plea of guilty is entitled to withdraw that plea at any time before the retirement of the jury. Alexander v. State, 69 Tex. Cr. R. 23, 152 S. W. 436; Taylor v. State, 88 Tex. Cr. R. 470, 227 S. W. 679-686.

In Garcia v. State, 91 Tex. Cr. R. 9, 237 S. W. 279-280, this court said, relative to the plea of guilty:

"By our statute, the court is required to exercise great care in preventing the improvident entry of a plea of guilty, and a liberal practice prevails touching its withdrawal."

Under the present statute which authorizes a plea of guilty

before the court, the judge takes the place of the jury, within the meaning of the rule above stated, as to withdrawing the plea of guilty before the jury retires to consider its verdict. Ralls v. State, 151 Tex. Cr. R. 146, 205 S. W. 2d 594.

In the Ralls case, however, the trial court's action in refusing to permit withdrawal of the plea of guilty was upheld because the trial court had announced his judgment in the case, finding the accused guilty before the request was made, and therefore the case, so far as the guilt of the accused was concerned, had been adjudicated.

We there called attention to the fact that to permit the indiscriminate and unlimited right of withdrawal of a plea of guilty in a criminal case would be " 'like child's play,' " and could easily constitute toying with the courts of this state.

Here, the appellant was charged with notice as to the nature and extent of his prior conviction in the State of Oklahoma, for he was present and a party to the proceeding.

Under the instant facts, we are unable to reach the conclusion that the trial court abused his discretion in refusing to allow appellant to withdraw his plea of guilty.

The judgment is affirmed.

Opinion approved by the court.