JAMES WILLIAM MILLIGAN v. STATE.

No. 30,845. June 10, 1959.

No attorney for appellant of record on appeal.

*Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

Upon a plea of guilty before the court without a jury appellant was convicted of the offense of burglary and his punishment assessed at confinement in the penitentiary for 10 years.

The record contains no statement of facts but does present two formal bills of exception for review.

By Bill of Exception No. 1, appellant complains of the fact that he had not been served with a copy of the indictment at the time of trial. The bill of exception, as qualified, certifies that at the time appellant announced ready for trial he made no objection to the fact that he had not been served with a copy of the indictment and that it was not until after judgment was pronounced by the court that appellant, in his motion for new trial, objected and excepted to the fact that he had not been served with a copy of the indictment. Having pleaded to the indictment without making any objection to the fact that he had not been served with a copy of the indictment, appellant's complaint after judgment, in his motion for new trial, to such failure came too late. See 1 Branch's Ann. P.C. 2nd Ed., par. 536, page 514, and cases there cited.

By Bill of Exception No. 2, appellant complains of the court's action in refusing to permit him to withdraw his plea of guilty and change such plea to one of not guilty after both sides had closed their case, completed their arguments and the court had concluded that appellant was guilty and was in the process of pronouncing judgment. Appellant's request to withdraw his plea after the conclusion of the evidence and the case had been taken under advisement by the trial judge came too late and the court did not abuse his discretion in refusing to allow appellant to withdraw his plea. No error is shown in the bill. Ralls v. State,

151 Texas Cr. Rep. 146, 205 S.W. 2d 594, and Stanton v. State, 159 Texas Cr. Rep. 275, 262 S.W. 2d 497.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.